```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

CHRISTOPHER WOODWARD CLEM,
          Plaintiff,
                                    Civil Action
     v.                             No. 04-12163-JLT

OY KEIKKAUS NETHERLANDS SWEEPSTAKES
LOTTERY, STANDARD TRUST BANK
INTERNATIONAL, PLC, and THE HIGH COURT
OF NIGERIA,
          Defendants.
```

### MEMORANDUM AND ORDER

For the reasons stated below, the plaintiff is directed to show cause within thirty-five (35) days why this action should not be dismissed for the reasons stated herein.

### FACTS

On October 13, 2004 plaintiff Christopher Woodward Clem filed his *pro se* complaint against defendants Oy Keikkus Netherlands Sweepstakes Lottery, a Netherlands corporation, ("Keikkus"), Standard Trust Bank International PLC (a Nigerian corporation) ("Standard Trust"), and the High Court of Nigeria, a government agency of the Federal Republic of Nigeria.  Plaintiff's complaint does not state his causes of action, but the Civil Cover Sheet filed contemporaneously with the complaint indicates his claims as fraud, breach of contract and other unspecified violations of law.  It further indicates the basis of jurisdiction of this Court is diversity of citizenship.

The crux of the complaint alleges that plaintiff was the victim of an internet lottery/sweepstakes scheme.  More specifically, he alleges that on September 23, 2004 he received an e-mail message from Keikkus advising he had been selected as a lottery winner, and that he had won $1,200,000 or a portion thereof. In order to receive his winnings, plaintiff e-mailed back his claim form as instructed.  On September 27, 2004 plaintiff received a message to travel to Amsterdam in person to receive his check, or if he could not travel, he would be directed to the Europe/Africa paying bank to issue a check to him. He then received the name of the foreign operations manager of defendant Standard Trust, stating the bank would issue a check to him.  The following day, plaintiff received via e-mail a message from Standard Trust, containing a prize request form, which acknowledged that plaintiff wanted the funds to be sent via a MoneyGram (electronic funds transfer) to his bank account. Plaintiff put his bank routing number and bank account number on the form. On September 30, 2004, he received an e-mail affidavit form for submission, allegedly from the High Court of Nigeria, for delivery to Standard Trust.  On October 5, 2004, plaintiff received an e-mail message from Standard Trust to send $385 payment to the High Court before he could receive his prize

(which was $1,200,000 or as little as $10), or he might forfeit his prize. Plaintiff alleges he was deceived and that false representations were made to him with respect to the amount of money he would receive. Plaintiff states:

> Plaintiff's reliance on the defendant's [sic] representations was reasonable under the circumstances, in the fact that the plaintiff read in the first e-mail message from defendant Keikkus and confirmed on the affidavit form from defendant High Court the [sic] he was going to be awarded a cash prize of US$1,200,000 and all he had to pay to get it was US$385 and in that the plaintiff was an EAIDC and Food Stamp recipient from the Massachusetts Department of Transitional Assistance that hearing about the cash prize was going to paid to the plaintiff was going to place the plaintiff on the PASS program and do anything to get the plaintiff the cash prize, so that the plaintiff would not EVER again apply or be on any public assistance, social service, or welfare programs again to reduce taxpayer costs....

Complaint, ¶15.

Plaintiff seeks the US $1,200,000 in damages.

On November 30, 2004, this Court allowed plaintiff's Application to proceed without prepayment of fees, but stayed the issuance of summonses for further screening pursuant to 28 U.S.C. §1915(e)(2).

## ANALYSIS

I. <u>The Court May Screen this Action</u>

As noted above, because plaintiff has sought to file this complaint without prepayment of the filing fee, a summons has not issued in order to allow the Court to review plaintiff's complaint to determine if it satisfies the substantive requirements of the federal *in forma pauperis* statute. See 28 U.S.C. §1915. Section 1915 of title 28 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §1915(e)(2). Complaints filed *in forma pauperis* may be dismissed *sua sponte* and without notice under §1915 if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless. Id.; Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

II. Plaintiff's Complaint Fails to Comply with Rule 8(a)

Although the Court recognizes that *pro se* complaints must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), plaintiff's claims in this case are nevertheless subject to dismissal. Rule 8(a) of the Federal Rules of Civil Procedure requires a plaintiff to include in the complaint,

*inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This standard sets forth a relatively low pleading threshold, and generally, a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations contained in the complaint.  <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 514 (2002).

Here, Plaintiff's skeletal complaint fails to even meet the minimum pleading standards to make out his claims.  Apart from the Civil cover sheet (which is not considered part of the complaint), no causes of action are mentioned, nor has plaintiff set forth in an coherent manner the specific claims against the specific defendants.  He merely recites a chronology of events involving the communications about the sweepstakes.  He boldly alleges he relied on defendant(s) misrepresentations, but fails to indicate any other particulars in this regard.

Even if plaintiff could overcome the Rule 8(a) pleading deficiencies as to his claims, plaintiff has failed to establish a basis for subject matter jurisdiction of this court.

   III. <u>The Court lacks jurisdiction over plaintiff's</u>

<u>complaint</u>

With respect to defendants Keikkus and Standard Trust, plaintiff has not alleged any violation of federal law which would provide the basis for subject matter jurisdiction over these defendants pursuant to 28 U.S.C. §1331 (federal question jurisdiction).  Moreover, plaintiff has alleged diversity jurisdiction pursuant to 28 U.S.C. §1332, however, he has failed to establish that the matter in controversy is in excess of $75,000, notwithstanding that plaintiff seeks relief in the amount of the lottery winnings alleged to be US$1,200,000.  Plaintiff concedes that his loss as a result of the alleged misrepresentations was $385, and that he received an e-mail from defendant Standard Trust, advising him that the winnings could be as little as $10 or none at all if certain conditions were not met. (Complaint, ¶11; <u>See</u> <u>also</u> Complaint, ¶5 (indicating plaintiff had won $1,200,000 or a portion thereof) and Complaint, ¶7 (indicating that he needed to travel to Amsterdam to receive his check (which could be as little as $100)).

Accordingly, he has failed to establish diversity jurisdiction of this Court with respect to defendants Keikkus and Standard Trust.

    IV.   <u>Plaintiff's claims against High Court of Nigeria</u>

With respect to the defendant High Court of Nigeria, the monetary requisite for jurisdiction does not appear to apply, pursuant to the provisions of 28 U.S.C. §1330. Section 1330 provides that the district courts have jurisdiction "without regard to amount in controversy of any nonjury civil action against a foreign state..." Id. Here, plaintiff has alleged the High Court to be a governmental entity, and thus, the High Court of Nigeria at this time is considered a "foreign state" pursuant to 28 U.S.C. §1603, defining a foreign state as a "political subdivision of a foreign state or an agency or instrumentality of a foreign state[1]. Id.

However, this Court would appear to lack jurisdiction over the claims against the High Court of Nigeria, as a foreign state, pursuant to 28 U.S.C. §1604, which provides: "Subject to existing international agreements to which the United States is a party at the time of enactment of this Act <u>a foreign state shall be immune from the jurisdiction of the</u>

---

[1]Without deciding, the Court questions whether plaintiff may establish personal jurisdiction over any of these defendants. Since personal jurisdiction is a defense which can be waived, the Court declines to use this as a basis for dismissal of this action. Additionally, the Court notes that plaintiff's ability to prosecute his claims in light of the complexities of service of process with respect to foreign entities and foreign states, and the difficulties in taking discovery (including the possibility of arranging for translation of documents) is problematical, but does not provide a basis for dismissal at this time.

<u>courts of the United States</u> and of the States, except as provided in sections 1605 to 1607 of this chapter." <u>Id</u>.(emphasis added). Sections 1605 and 1607 provide for instances where the foreign state has waived its immunity. Here, plaintiff has not established that there is any waiver of the High Court's immunity, and therefore this Court has no jurisdiction to consider those claims, and they are subject to dismissal.

    V.   <u>Plaintiff's state-law claims</u>

Because plaintiff has not established independent grounds for the federal subject-matter jurisdiction, this Court will not consider his claims based on state common law (i.e., fraud, breach of contract), or any statutory Consumer Protection law, and makes no comment as to the likelihood of success of those claims should plaintiff pursue state court remedies[2].

---

[2] The exercise of supplemental jurisdiction over state-law claims is discretionary. <u>See</u> 28 U.S.C. § 1367(a); <u>United Mine Workers of America v. Gibbs</u>, 383 U.S. 715, 726 (1966), and a federal court may decline to exercise supplemental jurisdiction over a plaintiff's state law claims when the federal claims drop out of the action before trial. <u>Martinez v. Colon</u>, 54 F.3d 980, 990 (1st Cir. 1995) (dismissal of state claim appropriate when no "legitimate" federal question remained in advance of trial); <u>accord</u> <u>Rose v. Baystate Med. Ctr., Inc.</u>, 985 F. Supp. 211, 218-219 (D. Mass. 1997). Here, plaintiff has not asserted any federal claims whatsoever and therefore this Court will not consider the state-based claims.

CONCLUSION

ACCORDINGLY, for the reasons stated herein, it is hereby ORDERED that plaintiff shall, within thirty-five (35) days of the date of this Memorandum and Order, show cause why this action should not be dismissed for the reasons stated herein. SO ORDERED.

Dated at Boston, Massachusetts, this 2nd day of March, 2005.

/s/ Joseph L. Tauro
JOSEPH L. TAURO
UNITED STATES DISTRICT JUDGE